# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: S.C.**

**No. 14-1252** (Randolph County 13-JA-16)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.C., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's November 6, 2014, order terminating his parental rights to S.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner raises the single issue that the circuit court erred in failing to consider the child's right to continued association with petitioner.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that he placed the child in imminent danger by taking her into a residence in which a clandestine methamphetamine drug laboratory existed. According to the petition, petitioner was arrested for child neglect creating risk of bodily injury.

In July of 2013, the circuit court held the adjudicatory hearing. Petitioner stipulated to the allegations in the petition. He had been released on bond in the criminal matter and moved for a post-adjudicatory improvement period. The circuit court accepted the stipulation and granted petitioner a post-adjudicatory improvement period, which included a condition that he remain drug free. However, due to positive drug screens in the criminal matter, petitioner's bond was later revoked, and he was incarcerated pending the outcome of that charge. He remained incarcerated throughout the remainder of the abuse and neglect proceedings below. Ultimately,

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

petitioner was convicted of one count of child neglect creating risk of bodily injury and sentenced to one to five years in prison.[2]

In July of 2014, following an extension of petitioner's improvement period in February of 2014, the circuit court held the dispositional hearing. Petitioner moved for a continuance to await his upcoming parole hearing, but the circuit court denied that motion and proceeded to disposition. As petitioner remained incarcerated for the foreseeable future and had not successfully completed his improvement period, the circuit court terminated his parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's alleged failure to consider the child's right to continued association with petitioner. However, the Court declines to address this assignment of error. The record on appeal clearly demonstrates that the child was a party to these proceedings whose interests were represented by an attorney appointed as his guardian. Simply put, petitioner lacks standing to assert an assignment of error on behalf of another party. We have previously held that

"[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case." *Snyder v. Callaghan*, 168 W.Va. 265, 279, 284 S.E.2d 241, 250 (1981) (citation omitted).

---

[2]His counsel states in his brief to this Court that petitioner remained incarcerated at the time of the filing of his brief. According to the Division of Corrections website, he is still incarcerated as of the date of this memorandum decision.

*Kanawha Cnty. Pub. Library Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W.Va. 386, 398, 745 S.E.2d 424, 436 (2013). To the extent petitioner argues that he was denied post-termination visitation, he fails to indicate how and when he placed the issue before the circuit court or objected to the circuit court's ruling. We have often stated that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Further, "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). *See also* Rule 10(c)(7) of the Rules of Appellate Procedure (stating that a petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). Therefore, based upon these considerations, we do not address petitioner's assignment of error in this regard.

Finally, we note that petitioner admits in his brief to this Court that "the circuit court complied with provisions necessary to result in the termination of the Petitioner's parental rights [to the child.]" Having thoroughly reviewed the record on appeal, we find no error in the circuit court's ruling terminating petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the circuit court's November 6, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Menis E. Ketchum

The circuit court found that the father failed to successfully complete his improvement period. The sole reason was because the father was in prison. The reasons for terminating the father's parental rights all stem from his incarceration. Parental rights should not be terminated solely because a parent is incarcerated.